UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

| | |
|---|---|
| RASHAD REESE, | **COMPLAINT** |
| Plaintiff, | |
| | Index No. |
| -against- | |
| | <u>Jury Trial Demanded</u> |
| CITY OF NEW YORK, ROBERT SCHIERENBECK, Individually, KEITH ARCE, Individually, and FRANCESCO IORIO, Individually, | |
| Defendants, | |

--------------------------------------------------------------------------------X

Plaintiff RASHAD REESE, by his attorney, Jason Leventhal, Esq., complaining of the defendants, respectfully alleges as follows:

**<u>Preliminary Statement</u>**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983, and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

**<u>JURISDICTION</u>**

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

**<u>VENUE</u>**

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.     Plaintiff RASHAD REESE is a twenty-eight-year old African American man residing in Brooklyn, New York.

7.     Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.     Defendant CITY OF NEW YORK maintains the New York City Police Department ("NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.     That at all times hereinafter mentioned, the individually named defendants, ROBERT SCHIERENBECK, KEITH ARCE, and FRANCESO IORIO, were duly sworn police officers of the NYPD and were acting under the supervision of said department and according to their official duties.

10.    That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.    Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW

YORK.

## FACTS

12. On March 22, 2015, at approximately 12:30 a.m., plaintiff RASHAD REESE was present inside his home, located at 700 Euclid Avenue, Apartment 1D, Brooklyn, New York.

13. At that time and place, REESE received a telephone call from his wife, who had been out with family and friends celebrating a family member's birthday in Manhattan.

14. REESE'S wife informed him that she had been robbed. REESE told his wife to call the police and after learning her location, further informed his wife that he was on his way to meet her.

15. Thereafter, REESE ran out of his apartment and towards the subway station located near his home on Euclid Avenue, in the vicinity of the southwest corner of Euclid Avenue and Pitkin Avenue, Brooklyn, New York.

16. Upon arriving at the subway station, REESE ran down the stairs and swiped his MTA metro card at the turnstile.

17. As REESE was about to proceed through the turnstile, defendants SCHIERENBECK and ARCE grabbed REESE from behind and stated in sum and substance – hey where are you going?

18. REESE explained to the defendant officers that his wife had just been robbed in Manhattan and he was on his way to meet her.

19. Defendants SCHIERENBECK and ARCE then told REESE that they did not believe him and further told him that he fit the description of an armed robber.

20. REESE, a veteran who had been a military policeman with the United States Air

3

Force before his honorable discharge and, as such, is familiar with common police procedures, then told the officers they should conduct a "roll by" with the robbery victim if they truly suspected that he was the perpetrator of that crime.

21. A "roll by" is a common police procedure wherein a person suspected of committing a crime is held at a location while the victim is driven by in a police vehicle and either confirms that the person being held was in fact the perpetrator of the crime, or informs the police that the person being held is not the person who committed the crime.

22. Either SCHIERENBECK or ARCE then called REESE a "smartass" and told him that he needs to shut up. REESE then told the officers, in sum and substance, that they were not above the Constitution.

23. SCHIERENBECK and ARCE then grabbed REESE and threw him into the turnstile, causing his abdomen to strike the turnstile.

24. SCHIERENBECK and ARCE then threw REESE into the toll booth and handcuffed him with his hands behind his back with severely over tight handcuffs.

25. SCHIERENBECK and ARCE then walked REESE up the subway stairs in an aggressive manner, causing REESE to trip and fall on the stairs.

26. SCHIERENBECK and ARCE also punched REESE about the abdomen numerous times while telling him that they hope his wife dies.

27. Once on the street, defendant IORIO and two unidentified officers transported REESE to the 75th police precinct.

28. Prior to being transported to the 75 police precinct, REESE did not take part in any identification procedure in connection with the purported robbery for which he was allegedly

stopped.

29. During his transport to the 75th police precinct, REESE complained to defendant IORIO and said unidentified officers that the handcuffs were too tight and causing him pain. Defendants IORIO and said officers did not inspect or loosen the handcuffs.

30. During his transport, REESE also tried to explain to defendant IORIO that what had occurred and what was still occurring to him was wrong, to which IORIO replied, in sum and substance – it's out of my control, there is nothing I can do.

31. Once at the 75th police precinct, REESE complained to the desk sergeant and again to defendant IORIO that the handcuffs were too tight. Neither the desk sergeant nor defendant IORIO inspected or loosened the handcuffs.

32. IORIO then escorted REESE to a holding cell and imprisoned him in a cell while Reese was still restrained by said over tight handcuffs.

33. REESE remained in a holding cell restrained by over tight handcuffs for approximately three hours. During this time, REESE repeatedly explained to the officer monitoring the cells that his handcuffs were too tight and causing him pain. The officer monitoring the cells refused to inspect, loosen, or remove the handcuffs.

34. The handcuffs were finally removed from REESE'S wrists when another officer came on cell duty and REESE explained to that officer that he had been restrained by over tight handcuffs for more than three hours.

35. Between 7:00 a.m. and 9:00 a.m., REESE was transported to Brooklyn central booking and placed in a holding cell.

36. Defendant IORIO then met with a prosecutor from the Kings County District

5

Attorney's Office. The Kings County District Attorney declined prosecution of all charges IORIO attempted to file against REESE due to "insufficient evidence," after IORIO informed the prosecutor that REESE was arrested after he "turned his body away from detectives and yelled for passers-by to record [the] detectives" after REESE was stopped and questioned about his whereabouts.

37. Thereafter, an officer approached REESE in his holding cell, told him he was free to leave, and escorted REESE to an exit door of central booking.

38. At approximately 5:00 p.m. on March 22, 2015, approximately fifteen hours after the being taken into custody, REESE was released.

39. Thereafter, REESE filed a complaint with the Civilian Review Complaint ("CCRB") Board under case no. 201502424 in connection with the incident. After investigating REESE's complaint, the CCRB substantiated two allegations of "abuse of authority," based on the stop and search of REESE, respectively.

**Federal Claims**

**AS AND FOR A FIRST CAUSE OF ACTION**
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 as the defendants SCHIERENBECK, and ARCE)

40. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41. Defendants SCHIERENBECK and ARCE arrested plaintiff RASHAD REESE without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

42. Defendants SCHIERENBECK and ARCE caused plaintiff RASHAD REESE to

6

be falsely arrested and unlawfully imprisoned.

43. As a result of the foregoing, plaintiff RASHAD REESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(Excessive Force under 42 U.S.C. § 1983 as to defendants
SCHIERENBECK, ARCE and IORIO)

44. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. The level of force employed by defendants SCHIERENBECK, ARCE and IORIO was excessive, objectively unreasonable and otherwise in violation of plaintiff RASHAD REESE'S constitutional rights.

46. As a result of the aforementioned conduct of defendants SCHIERENBECK, ARCE and IORIO, plaintiff RASHAD REESE was subjected to excessive force and sustained physical and emotional injuries.

47. As a result of the foregoing, plaintiff RASHAD REESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

48. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

50. The CITY OF NEW YORK has wholly neglected or refused to make a reasonable adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

51. This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

52. Plaintiff has complied with all conditions precedent to maintaining the instant action.

53. This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

**AS AND FOR A THIRD CAUSE OF ACTION**
(False Arrest under the laws of the State of New York
as to defendants SCHIERENBECK and ARCE)

54. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants SCHIERENBECK and ARCE arrested plaintiff RASHAD REESE without probable cause.

56. Plaintiff was detained against his will for an extended period of time and subjected to physical restraints.

57. As a result of the aforementioned conduct, plaintiff RASHAD REESE was unlawfully imprisoned in violation of the laws of the State of New York.

58. As a result of the aforementioned conduct, plaintiff RASHAD REESE suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

59. As a result of the foregoing, plaintiff RASHAD REESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION**
(Assault under the laws of the State of New York
as to defendants SCHIERENBECK and ARCE)

60. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "59" with the same force and effect as if fully set forth herein.

61. As a result of the foregoing, plaintiff RASHAD REESE was placed in apprehension of imminent harmful and offensive bodily contact.

62. As a result of defendant's conduct, plaintiff RASHAD REESE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

63. As a result of the foregoing, plaintiff RASHAD REESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION**
(Battery under the laws of the State of New York
as to defendants SCHIERENBECK, ARCE, and IORIO)

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65. Defendants SCHIERENBECK, ARCE, and IORIO made offensive contact with plaintiff RASHAD REESE without privilege or consent.

66. As a result of defendants' conduct, plaintiff RASHAD REESE has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

67. As a result of the foregoing, plaintiff RASHAD REESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A SIXTH CAUSE OF ACTION**
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

68. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "67" with the same force and effect as if fully set forth herein.

69. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff RASHAD REESE.

70. Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

71. As a result of the foregoing, plaintiff RASHAD REESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

72. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the excessive use of force against and the arrest of plaintiff RASHAD REESE.

74. As a result of the foregoing, plaintiff RASHAD REESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

75. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

77. As a result of the foregoing, plaintiff RASHAD REESE is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Violation of NYS Constitution Article 1 §12)

78. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "77" with the same force and effect as if fully set forth herein.

79. As a result of defendants' conduct, plaintiff RASHAD REESE was deprived of his right to security against unreasonable searches, seizures, and interceptions.

80. As a result of the foregoing, plaintiff RASHAD REESE is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff RASHAD REESE demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount to be determined by a jury;

(B) punitive damages against the individual defendants in an amount to be determined by a jury;

(C) reasonable attorneys' fees and the costs and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       June 19, 2016

                      By:   s/                               .
                              JASON LEVENTHAL (JL1067)
                              LEVENTHAL LAW GROUP, P.C.
                              Attorneys for Plaintiff RASHAD REESE
                              45 Main Street, Suite 230
                              Brooklyn, New York 11201
                              (718) 556-9600

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------------X

RASHAD REESE,

                                      Plaintiff,

                                                                                 Index No.

       -against-

CITY OF NEW YORK,
ROBERT SCHIERENBECK, Individually,
KEITH ARCE, Individually, and
FRANCESCO IORIO, Individually,

                                      Defendants,
----------------------------------------------------------------------------------X

**COMPLAINT**

**LEVENTHAL LAW GROUP, P.C.**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 556-9600